```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CHRISTOPHER WYCKOFF**

    **Petitioner,**

**v.**

                      **CIVIL ACTION NOS. 1:20CV88, 1:20CV89**
                     **CRIMINAL ACTION NOS. 1:12CR15, 1:12CR82**
                             **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent,**

**MEMORANDUM OPINION AND ORDER DENYING AS MOOT § 2255
PETITION [1:20CV88, DKT. NO. 1; 1:20CV89, DKT. NO. 1]**

Pending is the motion filed by the petitioner, Christopher Wyckoff ("Wyckoff"), pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (1:20CV88, Dkt. No. 1; 1:20CV89, Dkt. No. 1). For the reasons that follow, the Court concludes that Wyckoff's petition is moot because he no longer is in the custody of the Bureau of Prisons ("BOP") or serving a term of supervised release.

### I. BACKGROUND

On March 26, 2012, Wyckoff pleaded guilty to distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), in Criminal Action No. 1:12CR15 (1:12CR15, Dkt. No. 14). On August 14, 2012, the Court sentenced him to 78 months of incarceration, followed by 3 years of supervised release (1:12CR15, Dkt. No. 35).[1] On that same date, the Court conducted a plea and sentencing hearing in

---

[1] The Court later reduced Wyckoff's sentence to 70 months of incarceration (1:12CR15, Dkt. No. 45).

**MEMORANDUM OPINION AND ORDER DENYING AS MOOT § 2255
PETITION [1:20CV88, DKT. NO. 1; 1:20CV89, DKT. NO. 1]**

Criminal Action No. 1:12CR82, where Wyckoff pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (1:12CR82, Dkt. No. 14). After sentencing him to 41 months of incarceration, followed by 3 years of supervised release in that case (1:12CR82, Dkt. No. 10), the Court ordered Wyckoff's two terms of incarceration and supervised release to run concurrently (1:12CR82, Dkt. No. 10; 1:12CR15, Dkt. No. 35).

Wyckoff commenced his first term of supervision on August 4, 2017. Following a hearing involving violations of his conditions of supervision, the Court revoked Wyckoff's supervision on April 20, 2018 and sentenced him to 3 months of incarceration, followed by 33 months of supervised release (1:12CR15, Dkt. No. 89).

Wyckoff commenced his second term of supervision on July 13, 2018, during which he used controlled substances on at least three (3) occasions and incurred two (2) new criminal offenses. On May 17, 2019, the Court revoked Wyckoff's supervised release and, as jointly recommended by the parties, sentenced him to 18 months of incarceration with no supervised release to follow (1:12CR82, Dkt. No. 37; 1:12CR15, Dkt. No. 124). Wyckoff did not appeal this sentence.

On May 8, 2020, Wyckoff filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he challenges his second revocation sentence on the following four grounds: (1) Wyckoff seeks compassionate release based on the amount of time he

**MEMORANDUM OPINION AND ORDER DENYING AS MOOT § 2255 PETITION [1:20CV88, DKT. NO. 1; 1:20CV89, DKT. NO. 1]**

has served and due to the COVID-19 pandemic,[2] (2) he contends he should have received additional jail-time credit, (3) he alleges that the amended petition contained false and misleading documentation, and (4) he asserts that his supervision should have been terminated prior to his final revocation hearing (1:20CV88, Dkt. No. 1; 1:20CV89, Dkt. No. 1). On July 1, 2020, the Government filed a brief in opposition to Wyckoff's petition, arguing no ground warranted the relief sought by Wyckoff (1:20CV88, Dkt. No. 13; 1:20CV89, Dkt. No. 11). The motion is ripe for decision.

## II. APPLICABLE LAW

Under 28 U.S.C. § 2255, a federal prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Hill v. United States, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

---

[2] The Court construed this argument as a motion for compassionate release and appointed counsel to represent him in connection with that motion (1:12CR82, Dkt. Nos. 47, 48). Because the Bureau of Prisons ("BOP") released Wyckoff from custody on August 25, 2020, the Court denied his motion for compassionate release as moot on August 31, 2020 (Dkt. NO. 64).

**MEMORANDUM OPINION AND ORDER DENYING AS MOOT § 2255 PETITION [1:20CV88, DKT. NO. 1; 1:20CV89, DKT. NO. 1]**

But Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only actual cases and controversies. U.S. CONST. art. III, § 2; Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome, a case is deemed moot." United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). The question here is whether Wyckoff's § 2255 petition is moot.

### III. ANALYSIS

On May 17, 2019, the Court sentenced Wyckoff to 18 months of incarceration with credit for time served since April 5, 2019, with no supervision to follow (1:12CR82, Dkt. No. 37; 1:12CR15, Dkt. No. 124). Although Wyckoff filed his § 2255 petition while incarcerated, he has since been released from federal custody[3] and is no longer serving a term of supervised release. Thus, no actual case or controversy exists regarding the validity of his revocation sentence, which has been fully served, and where he is no longer subject to a term of supervised release. Hardy, 545 F.3d at 283; United States v. Julian, 751 Fed. App'x 378, 380 (4th Cir. 2018).  Thus, the matters

---

[3] Wyckoff satisfied his revocation sentence and was released from BOP custody on August 25, 2020. See Federal Bureau of Prisons Inmate Locator https://www.bop.gov/inmateloc/ (results for Christopher Wyckoff) (last visited August 18, 2021).

raised in by § 2255 petition are no longer "live" and the case is moot.

### IV. CONCLUSION

For these reasons, the Court **DENIES AS MOOT** Wyckoff's § 2255 petition (1:20CV88, Dkt. No. 1; 1:20CV89, Dkt. No. 1), and **DISMISSES** Civil Action Nos. 1:20CV88 and 1:20CV89 **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

It is so **ORDERED**.

The Clerk is directed to enter a separate judgment in favor of the United States. The Clerk is further directed to provide a copy of this order to Wyckoff by certified mail, return receipt requested, to his last known address, and to counsel of record by electronic means and to strike Civil Action Nos. 1:20CV88 and 1:20CV89 from the Court's active docket.

### V. No Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

**MEMORANDUM OPINION AND ORDER DENYING AS MOOT § 2255 PETITION [1:20CV88, DKT. NO. 1; 1:20CV89, DKT. NO. 1]**

The Court finds it inappropriate to issue a certificate of appealability in this matter because Wyckoff has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Wyckoff has failed to make the requisite showing and **DENIES** a certificate of appealability.

DATED: August 31, 2021

                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE